IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT AMBROSIA, JR., and ROBERT HOUPT, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 25 C 1723 |
| BLAZESOFT LTD., BLAZEGAMES, INC., SSPS LLC d/b/a SPORTZINO, SCPS LLC d/b/a ZULA CASINO, and SOCIAL GAMING LLC d/b/a FORTUNE COINS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Vincent Ambrosia, Jr. and Robert Houpt sued gaming website operators SSPS LLC d/b/a Sportzino, SCPS LLC d/b/a Zula Casino, and Social Games LLC d/b/a Fortune Coins and related companies Blazesoft, Ltd. and Blazegames Inc. Their suit is filed on behalf of a putative class of others similarly situated. Plaintiffs allege that the gaming website operators prey on consumers through addictive and illegal online gambling that they falsely market as free-to-play sweepstakes. On October 21, 2025, the Court granted defendants' motion to compel arbitration. *See Ambrosia v. Blazesoft Ltd.*, No. 25 C 1723, 2025 WL 2976477 (N.D. Ill. Oct. 21, 2025). Plaintiffs have moved to reconsider that decision or, alternatively, to certify the order for interlocutory review. For the reasons discussed below, the Court denies plaintiffs' motion to reconsider but

grants their motion to certify.

## Background

The Court set forth the relevant portions of the arbitration agreements between the plaintiffs and defendants in its decision on the defendants' motion to compel. *Ambrosia*, 2025 WL 2976477, at *1.  The Court will now briefly summarize the relevant factual background.

Ambrosia and Houpt are citizens of Illinois.  The defendants operate their websites from Ontario, Canada.  Ambrosia and Houpt accepted the operators' relevant Terms and Conditions, which contain a mandatory arbitration agreement and a broad delegation clause.

The plaintiffs filed this suit on May 6, 2025, alleging that the defendants preyed on them and others similarly situated through addictive and illegal online gambling falsely marketed as free-to-play sweepstakes.  The plaintiffs assert claims under the Illinois Loss Recovery Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, common law principles of unjust enrichment, and the Ontario Consumer Protection Act.

The defendants moved to compel arbitration.  There was no dispute that the plaintiffs' claims fall within the parties' arbitration agreement.  Instead, the plaintiffs argued that the agreement is not enforceable because it is barred by the Ontario Consumer Protection Act, it is unconscionable, and it is part of an unlawful gambling contract.

On October 21, 2025, the Court granted the defendants' motion to compel arbitration.  *Ambrosia*, 2025 WL 2976477, at *1.  The Court determined that the

agreement is governed by the New York Convention, a bilateral treaty that governs

arbitration agreements between parties of signatory nations.  Only defenses that can be

applied neutrally on an international scale—fraud, mistake, duress or waiver—render

"null and void" an agreement governed by the Convention.  Because the plaintiffs'

asserted defenses do not fall within the scope of the Convention's "null and void"

clause, the Court found the delegation clause enforceable and thus concluded that their

defenses to arbitrability must be decided by the arbitrator.  The plaintiffs have moved to

reconsider that decision or, alternatively, to certify it under 28 U.S.C. § 1292(b) for

interlocutory review.

**Discussion**

**A.    Motion to reconsider**

Plaintiffs' motion is a common law motion for reconsideration.  *See Bank of*

*Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Reconsideration is appropriate if the Court has "patently misunderstood a party, or has

made a decision outside the adversarial issues presented to the Court by the parties, or

has made an error not of reasoning but of apprehension."  *Id.* (quoting *Above the Belt,*

*Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  "Such

problems rarely arise and the motion to reconsider should be equally rare."  *Id.*

The plaintiffs argue that the Court should reconsider its decision because "a

choice-of-law clause should govern the null and void inquiry under the [New York]

Convention."  Pls.' Mot. at 6 (citing *Certain Underwriters at Lloyd's London v. Argonaut*

*Ins. Co.*, 500 F.3d 571 (7th Cir. 2007)).  The defendants respond that the Court's

construction of the Convention's "null and void" clause was correct.[1]  For the reasons

discussed below, the Court is not persuaded by the plaintiffs' arguments.

The Seventh Circuit has not addressed whether a choice-of-law clause requires

the Court to apply the parties' chosen law when addressing the enforceability of an

arbitration agreement governed by the New York Convention.  The plaintiffs rely heavily

on *Argonaut* to argue that the Seventh Circuit would hold that the parties' choice of law

should govern.  The question in that case, however, was how to interpret a provision of

an arbitration agreement covered by the Convention.  *Argonaut*, 500 F.3d at 575.  The

Seventh Circuit did not address the question of enforceability or the "null and void"

clause.  *Id*.

The plaintiffs also argue that the Court should apply Ontario law when

determining whether the arbitration agreement is "null and void" because the New York

Convention "requires courts to rely on domestic law to fill the gaps[.]"  Pls.' Mot. at 4

(quoting *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless*

*USA, LLC*, 590 U.S. 432, 441 (2020)).  In *GE Energy Power*, the Supreme Court

addressed whether the Convention conflicted with the application of domestic equitable

estoppel doctrines.  *GE Energy Power*, 590 U.S. at 441.  The Court explained that the

Convention "does not prevent the application of domestic laws that are more generous

---

[1] The defendants also argue that the plaintiffs waived this argument because they did
not argue it in their original response to the motion to compel.  In their response, the
plaintiffs argued that the Court should apply Ontario law based on the arbitration
agreement's choice-of-law clause.  This argument is substantively the same as the
argument that the plaintiffs now raise in their motion to reconsider.  The only distinction
between the plaintiffs' earlier argument and the argument they now advance is that the
plaintiffs now acknowledge the Court's determination that the New York Convention
governs the agreement.

4

in enforcing arbitration agreement." *Id.* at 440. The Court expressly reserved the question of which body of law governed the determination of whether GE Energy could enforce an arbitration clause under principles of equitable estoppel for the appellate court. *Id.* at 445. On remand, the Eleventh Circuit stated it did not need to "undertake a choice-of-law analysis . . . " because the plaintiff "simply agreed to arbitrate with GE Energy per the contract's plain terms." *Outokumpu Stainless USA, LLC v. Coverteam SAS*, No. 17-10944, 2022 WL 2643936, at *3 (11th Cir. July 8, 2022). *GE Energy Power* does not support the plaintiffs' position.

As the Court explained in its decision, it agrees with the courts that have read the New York Convention's "null and void" clause narrowly to permit only defenses that are applicable neutrally on an international scale. *See Ambrosia*, 2025 WL 2976477, at *4. This reading furthers the Convention's principal purpose of establishing uniform standards for the enforcement of arbitration agreements between parties who reside in different countries. *Id.* The parties to such an agreement remain free to choose the law that will apply when a court decides if the agreement is a valid contract and how an agreement's provisions will be interpreted once it is found to be enforceable.

The plaintiffs also argue in a footnote that the Court should invalidate the arbitration agreement based on their unconscionability argument because many common law jurisdictions apply unconscionability. But they still fail to identify an international standard governing an unconscionability defense.

For these reasons, the Court denies the plaintiffs' motion for reconsideration.

**B.     Motion to certify**

Alternatively, the plaintiffs ask the Court to certify its October 21, 2025 order for

interlocutory review under 28 U.S.C. § 1292(b). The defendants respond that the plaintiffs have not met the criteria required for certification of an interlocutory appeal.[2]

Section 1292(b) authorizes a district court to certify for interlocutory appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" if "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The scope of the New York Convention's "null and void" clause involves a question of law for purposes of section 1292(b): whether a court should interpret the clause narrowly when determining whether an arbitration agreement governed by the Convention is enforceable. The question is controlling because its determination ended litigation of the present case in court. And there is a substantial ground for difference of opinion because the Seventh Circuit has not addressed the question, and the relevant case law in other Circuits presents a "rocky precedential landscape." *SSI (Beijing) Co. Ltd. v. Prosper Bus. Dev. Corp.*, No. 18 C 8408, 2020 WL 6323938, *12 (S.D.N.Y. July 30, 2020); *see also Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 373 (4th Cir. 2012); *Sarhank Grp. v. Oracle Corp.*, 404 F.3d 657, 661–62 (2d Cir. 2005); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 50 (2d Cir. 2004). Finally, determination of this question on appeal now, rather than later after an arbitration proceeding is complete, may materially advance the ultimate termination of the litigation.

For these reasons, the Court certifies for interlocutory appeal under 28 U.S.C. §

---

[2] Again, the defendants argue that the plaintiffs failed to raise the argument that a choice-of-law clause should govern the "null and void" inquiry in their response to the motion to compel. Thus, the defendants argue, it is not a proper question to certify for interlocutory review. As noted above, the plaintiffs' argument disputes the scope of the "null and void" clause, a question the Court addressed in its decision.

1292(b) the question of whether the New York Convention's "null and void" clause should be narrowly construed to include only defenses that can be applied neutrally on an international scale, including when the parties have included a choice-of-law clause in their agreement.

## Conclusion

For these reasons, the Court denies plaintiffs' motion to reconsider but grants their alternative motion to certify its October 21, 2025 order for interlocutory review [dkt. no. 76]. Plaintiffs are directed to promptly take the necessary steps to bring this matter before the court of appeals.

Date: December 22, 2025

_____
MATTHEW F. KENNELLY
United States District Judge

7